Delia G. McGrimley vs. Sarah T. Hill.

Suffolk.   December 30, 1918. — March 14, 1919.

Present: Rugg, C. J., Loring, Crosby, Pierce, & Carroll, JJ.

*Interest.   Contract; Implied: unliquidated claim.*

In an action for compensation for services upon a *quantum meruit*, where it appears
that the plaintiff worked for the defendant at the defendant's request but with-
out any agreement express or implied as to the price to be paid for the services,
the plaintiff is entitled to recover interest only from the date of the writ and not
from a previous day on which he demanded payment from the defendant.

CONTRACT for compensation for services performed by the
plaintiff for the defendant at the defendant's request from May
14, 1894, to October 15, 1910, according to an account annexed,
on which was credited a payment on account of $50 on October
15, 1910, and a payment on account of $40 in August, 1913.
Writ dated August 13, 1915.

The answer denied that the defendant had employed the plain-
tiff and pleaded payment and the statute of limitations.

In the Superior Court the case was tried before *Chase,* J.   It
appeared from the evidence introduced by the plaintiff that she
had applied to the defendant for work and that the defendant
had taken the plaintiff and the plaintiff's infant son, then a baby,
to the defendant's farm in East Foxborough; that there was no
arrangement made for the payment of wages, but that some three
months after the plaintiff went to live at the defendant's house
there was some talk about wages; that no agreement ever was
entered into between the plaintiff and the defendant as to the
amount of wages which should be paid the plaintiff, but that dur-
ing the plaintiff's residence with the defendant various talks were
had in regard to some payment to the plaintiff; that the plaintiff
worked continuously on the defendant's premises, doing general
housework and some out of door farm work from May 14, 1894,
to October 15, 1910; that on the latter date, owing to some trouble
between the plaintiff and the defendant, the plaintiff left the
defendant's premises and ceased to do any more work for the

defendant; that on the occasion of the plaintiff leaving the defendant, the defendant handed her a check in the sum of $50; that subsequently, in 1913, (and it was agreed by counsel that the date should be considered to be August 15, 1913,) the defendant handed the plaintiff $40 in cash.

The judge submitted certain questions to the jury. Before doing so he said, "Was a demand for payment for her services made by the plaintiff on October 15, 1910? Now doesn't that cover it? If they say yes, then interest is to be reckoned from that date to the date of the verdict. If they said no, interest is to be reckoned from the date of the writ. That is my understanding then."

The material questions submitted by the judge with the answers of the jury were as follows:

"1. Was there a contract between the parties under which the defendant was to pay what the services of the plaintiff were reasonably worth?" The jury answered, "Yes."

"3. What was the reasonable value of the services rendered by the plaintiff for the entire period?" The jury answered, "$2,059.50."

"4. What was the reasonable value of the services rendered after October 15, 1904?" The jury answered, "$1,248."

"5. Was the payment of $50 by the defendant on October 15, 1910, a payment on account of indebtedness to the plaintiff?" The jury answered, "Yes."

"6. Was the payment of $40 by the defendant on August 15, 1913, a payment on account of indebtedness?" The jury answered, "Yes."

"7. Was a demand for payment for her services made by the plaintiff on October 15, 1910?" The jury answered, "Yes."

Thereupon the judge instructed the jury as follows: "Now as to your verdict, gentlemen, I feel obliged to instruct you as a matter of law that the plaintiff cannot recover for services rendered prior to October 15, 1904. That would leave the last six years. In accordance with your finding, therefore, the plaintiff becomes entitled to the sum of $1,248, to which you may add interest from the date of the demand, which you have found to have been October 15, 1910. From the $1,248 has been subtracted $90 which the plaintiff received, and with the interest

on that sum the amount is $1,595.14. I have discussed the questions of law involved at such length with counsel that it won't serve any purpose to go over them again with you. Their rights are fully saved. Counsel are contented with that computation of interest. I thought it would save you computing it."

The jury returned a verdict for the plaintiff in the sum of $1,595.14, of which sum $1,158 represented the amount found due to the plaintiff for services rendered and $437.14 represented the interest on that sum. The defendant alleged exceptions.

The case was submitted on briefs.

*F. H. Williams & F. M. Copeland,* for the defendant.

*F. F. Collier,* for the plaintiff.

LORING, J. It is settled in this Commonwealth that in case of a claim for unliquidated damages interest runs from the date of the writ and not from the date of a demand for payment. There is a collection of some of the earlier cases on this point in *Childs* v. *Krey,* 199 Mass. 352, 358. To the cases there collected these may be added: *Goff* v. *Rehoboth,* 2 Cush. 475, *Thorndike* v. *Wells Memorial Association,* 146 Mass. 619.

The question which we are called upon to decide in the case at bar is whether this rule applies in a case where the plaintiff worked for the defendant at the defendant's request but without an agreement express or implied as to the price to be paid therefor.

The plaintiff contends that this question was decided in *Ford* v. *Tirrell,* 9 Gray, 401. But that is not so. In *Ford* v. *Tirrell* there was an agreement that the defendant should pay the plaintiff eleven cents a foot for building an octagonal wall and the dispute between the parties was as to the way in which such a wall was to be measured. There is an intimation in *Brewer* v. *Tyringham,* 12 Pick. 547, 549, that in such a case as that now before us interest runs from the date of the writ. We are of opinion that this intimation is correct. We have examined all the cases cited by the parties. It would not be helpful to discuss those from other jurisdictions.

The entry must be exceptions sustained, judgment to be entered for the plaintiff in the sum of $1,248 with interest from August 13, 1915, the date of the writ.

*So ordered.*