328 Mass. 641 (1952)
105 N.E.2d 382
COMMISSIONER OF CORPORATIONS AND TAXATION
vs.
BOSTON INSURANCE COMPANY.
Supreme Judicial Court of Massachusetts, Suffolk.
March 4, 1952.
April 10, 1952.
Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.
H.W. Radovsky, Assistant Attorney General, for the commissioner of corporations and taxation.
W.L. Smith, Jr., for the taxpayer.
RONAN, J.
This is an appeal by the commissioner of corporations and taxation from a decision of the Appellate Tax Board granting an abatement of a tax assessed in 1949 upon the premiums for ocean marine insurance received by the insurance company for policies issued in Canada in 1948.
The insurance company is a domestic corporation, authorized to transact a fire and marine insurance business here and in various other States and countries including Canada. During 1948, as shown by its application for the correction of the tax assessed by the commissioner, it issued policies in the Dominion of Canada, for which it received premiums of $557,253.12 of which $287,215.79 was for premiums on ocean marine policies. On these marine policy premiums, $22,942.70 was collected in New Brunswick, $182,471.96 in Nova Scotia, $81,684.56 in Quebec, and $116.57 not allocated to any particular Canadian province. The company paid no premium tax in Canada on any of these premiums from these marine policies. We are not concerned with any premium tax on fire insurance policies. The company paid to the Province of Quebec a renewal license fee of $192 to conduct an insurance business, and also its pro rata share amounting to two one hundredths of one per cent of gross premiums toward the total sum, not exceeding $12,000, that may be necessary to defray the expense of maintaining the office of the inspector of insurance as provided by the laws of Quebec (R.S. of Quebec 1941, c. 299, § 254). It also paid to the Province of Nova Scotia an annual registration fee of $250 in order to transact an ocean marine insurance business. The Appellate Tax Board found that the company paid to the Dominion of Canada and various provinces "amounts variously designated as two per cent tax premiums, licenses, filing fees, fire prevention premiums, etc.," amounting to $3,922.26, and that in addition to this sum "there were several thousand dollars of *643 other taxes paid." It is to be noted that there is no finding that a premium tax was paid in Canada on the premiums received from the ocean marine policies and there is no contention that there was.
The company contends that the premiums on the ocean marine policies amounting to $287,215.79 were not subject to the one per cent tax in this Commonwealth under G.L. (Ter. Ed.) c. 63, § 22, as appearing in St. 1946, c. 387, § 1, because it "has actually paid taxes in the Dominion of Canada in connection with its insurance business there"[1] for the year 1948. It argued at the bar that if it paid a tax of any kind in any amount with reference to any part of its business conducted in Canada it is not liable under § 22 for any excise tax based on the premiums from ocean marine policies issued in Canada although it did not pay there any premium tax on these premiums.
The statute, § 22, as amended, so far as now material provides that "Every domestic insurance company ... except life insurance companies with respect to business taxable under section twenty and marine, or fire and marine, insurance companies with respect to business taxable under section twenty-nine A,[2] shall annually pay an excise of one per cent upon the gross premiums for all policies written or renewed ... during the preceding calendar year ... but such premiums and assessments for policies written or renewed for insurance, exclusive of reinsurance, of property or interests in other states or countries where a tax is actually paid by such company, or its agents, shall not be so taxed."
The company contends that the legislative history of what is now § 22, especially St. 1919, c. 349, § 9, manifests a legislative intent to exempt from the taxing field premiums received by a domestic fire and marine company in a foreign country where a tax of any kind has been paid by the company to the foreign country in connection in any way with *644 the business conducted there. A tax by way of an excise upon insurance companies originated in St. 1862, c. 224. No deductions were then allowed to the companies, but as early as St. 1865, c. 283, § 18, a deduction in the computation of the tax was allowed to domestic fire and marine companies upon premiums received for insurance in other States which were subject to a like tax in the State where received. This exemption from the tax was continued substantially in the same form so far as now material by successive enactments through St. 1918, c. 184, § 2. A special legislative committee on taxes filed its report, Senate No. 313, on January 31, 1919. It stated that the words "like tax" in the existing law might mean like in amount, in rate, or in character, or all three, and that like in character was evidently meant. The committee pointed out that the words "subject to tax" probably meant "actually taxed." The committee for the sake of clarity proposed that the words in the existing statute, St. 1918, c. 184, § 2, "where they are subject to a like tax shall not be so assessed" be changed to "where such company, or its agents, actually pays a premium tax or other similar excise, shall not be so taxed."[1a] The Legislature adopted the proposal of the committee after substituting for the words italicized the words "actually pays a tax," St. 1919, c. 349, § 9, so that the exempting clause read as follows: "but such premiums for policies written or renewed for insurance of property or interests in other states or countries[2b] where such company, or its agents, actually pays a tax, shall not be so taxed." So far as now pertinent the exempting clause has in the main remained in the same form. It is plain that the committee did not intend to change the character of the exemption. The Legislature adopted the suggestion of the committee that the words "subject to tax" probably mean "actually taxed" and went a step farther and required the *645 payment of the tax to acquire the exemption. The single subject matter treated in the proposed legislation was a tax on premiums. No other tax was considered or determined. It was that tax in other States or countries and its payment and nothing else that would entitle the company to exemption from the domestic tax on premiums. The Legislature did not intend to change the nature of the exemption. It merely adopted more concise and definite language than that employed by the committee. In employing the term "tax" in the clause "where a tax is actually paid" the Legislature used a word of flexible meaning and one that has frequently been held to signify an excise, Eaton, Crane & Pike Co. v. Commonwealth, 237 Mass. 523, 527-528; United Shoe Machinery Corp. v. Gale Shoe Manuf. Co. 314 Mass. 142, 150; Assessors of Boston v. Metropolitan Life Ins. Co. 320 Mass. 559, 561, and in this instance it obviously refers to the excise on premiums mentioned a few lines previously. Furthermore, in so far as the term may be considered as a general expression if used alone, it is not so used here, but must be construed in conjunction with the term "excise," and each and every word must be given its appropriate effect without emphasizing one at the expense of the others, so as to constitute an effectual piece of legislation in harmony with common sense and sound judgment. Commissioner of Corporations & Taxation v. Chilton Club, 318 Mass. 285. Bolster v. Commissioner of Corporations & Taxation, 319 Mass. 81. Selectmen of Topsfield v. State Racing Commission, 324 Mass. 309, 312-313. The purpose and aim of § 22 is to avoid double taxation, and the generality of the term tax as appearing therein has been narrowed and restricted to meaning an excise. Commonwealth v. Welosky, 276 Mass. 398, 401-402. Kenney v. Building Commissioner of Melrose, 315 Mass. 291, 295. Besides, the aim of the statute being to avoid double taxation, it is plain that the payment of any tax, for instance a small ad valorem tax on the company's furnishings in the office of one of its agents, does not come within the statute. Unless the company has paid a tax upon the same subject matter as now taxed here  *646 which it has not done  there has been no double taxation. The company is not entitled to the exemption provided for in § 22.
The instant case is not as strong as Commissioner of Corporations & Taxation v. Bristol County Kennel Club, Inc. 301 Mass. 27, where the taxpayer contended that, having paid a license fee to conduct a dog racing meeting, it was not liable to a corporation excise tax because the statute, G.L. (Ter. Ed.) c. 128A, § 4, inserted by St. 1934, c. 374, § 3, provided that "No other license fee or excise, except as provided in this chapter, shall be assessed or collected from such licensee by the commonwealth or any political subdivision thereof." That contention was overruled, although the sentence quoted was broad enough to support the taxpayer's contention. A strictly literal construction of a statute is not to be adopted if it will result in thwarting the purpose which the statute seeks to accomplish, and another interpretation which is reasonably possible will not have such an effect. Frye v. School Committee of Leicester, 300 Mass. 537, 538. Cullen v. Mayor of Newton, 308 Mass. 578, 583-584. Lehan v. North Main Street Garage, Inc. 312 Mass. 547, 550.
Decision for commissioner.
NOTES
[1] Emphasis supplied.
[2] This section does not cover marine insurance policies written in other countries, and the parties agreed that the premiums in question, if taxable at all, are taxable under § 22.
[1a] Emphasis supplied.
[2b] The recommendation of the committee extending the exemption to premiums received for policies written or renewed in foreign countries was adopted.