STATE BOARD OF RETIREMENT *vs.* BOSTON RETIREMENT
BOARD; BOSTON POLICE PATROLMEN'S ASSOCIATION,
INCORPORATED, intervener.

Suffolk.  November 7, 1983. — February 8, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Retirement.  Court Reorganization Act.  Words,* "Accumulated total
deductions."

Upon transfer of the membership of certain judicial employees from the
State-Boston retirement system to the State retirement system by virtue
of the Court Reorganization Act, the Boston retirement board was re-
quired by G. L. c. 32, § 3 (8) (*a*), to transfer to the State retirement
system the amount of these employees' "accumulated total deductions"
either in cash or in securities with an equivalent market value, rather
than in securities at book value.  [94-96]


CIVIL ACTION commenced in the Superior Court Depart-
ment on May 13, 1981.

The case was heard by *Byron,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Kelam S. Derderian,* Assistant Corporation Counsel, for
Boston Retirement Board.

*Paul E. Shanley,* Special Assistant Attorney General
(*James F. Driscoll,* Special Assistant Attorney General, with
him) for State Board of Retirement.

*Frank J. McGee,* for the intervener, submitted a brief.

LIACOS, J.  The defendant, the Boston retirement board,
and the intervener-defendant, Boston Police Patrolmen's
Association, Incorporated, appeal from a Superior Court
judgment.  We transferred the appeal to this court on our
own motion and affirm the judgment.

The case was heard largely on a statement of agreed facts. By virtue of c. 478 of the Acts of 1978, known as the Court Reorganization Act, all judicial employees of counties became employees of the Commonwealth as of July 1, 1978. The Court Reorganization Act mandated that "[a]ll pensions and retirement allowances payable to judges, clerks, court officers and all other persons employed in the judicial branch of the commonwealth on or after the effective date of this section, who retire or resign after such date . . . shall be deemed to be a cost of maintenance and operation of the judicial branch and shall be paid by the commonwealth, subject to the provisions of chapter thirty-two of the General Laws." St. 1978, c. 478, § 328.

The parties are in agreement that G. L. c. 32, § 3 (8) (a), governs this case. Section 3 (8) (a) of G. L. c. 32, as appearing in St. 1945, c. 658, § 1, provides, in pertinent part: "Any member of any contributory retirement system . . . who . . . becomes employed in a position in any other governmental unit in which such a system is operative, shall thereupon have his membership transferred to the second system . . . . Such transfer of membership, if required, shall be effectuated by transferring within ninety days after the date of commencement of his new employment *the amount of the accumulated total deductions credited to his account* in the annuity savings fund of the system from which he is being separated to the annuity savings fund of the second system" (emphasis supplied). The parties have stipulated that the sole issue in this case is whether, in view of the relevant provisions of G. L. c. 32, the defendant is required to transfer cash, as the plaintiff maintains, or securities at book value, as the defendant proposes, from the State-Boston retirement system to the State retirement system. A Superior Court judge ruled that payment by the defendant of the accumulated total deductions of State-Boston retirement system members who were transferred to the Massachusetts State retirement system by St. 1978, c. 478, be made in cash or in securities with an equivalent market value.

The retirement provisions for public employees set forth in G. L. c. 32 have been described as being of "great complexity." *Boston Retirement Bd.* v. *McCormick*, 345 Mass. 692, 695 (1963). See *Opinion of the Justices*, 364 Mass. 847 (1973). We need not, however, delve too deeply into such complexities to resolve this appeal. We follow a principal rule of statutory interpretation that we need not look beyond the words of the statute where the language is plain and unambiguous. "[T]he statutory language itself is the principal source of insight into the legislative purpose." *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977). The general rule of construction of statutory language is that "'a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975), quoting from *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass. 360, 364 (1975)." *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580, 585 (1981).

The dispositive statutory words are clear and are defined by G. L. c. 32 itself. The Boston board is required by § 3 (8) (*a*) to transfer for each employee transferred to the Massachusetts State retirement system "the amount of the accumulated total deductions" of that employee. "Accumulated total deductions" is defined by c. 32, § 1, as appearing in St. 1945, c. 658, § 1, as "the sum of the amount of the accumulated regular deductions and the amount of the accumulated additional deductions, if any, credited to any member's account in the annuity savings fund of any system." In turn, "accumulated regular deductions" is defined by that section as "the sum of the amount of the regular deductions and the amount of regular interest thereon credited to any member's account in the annuity savings fund of any system." "Accumulated additional

deductions" is defined as "the sum of the amount of the additional deductions, if any, and the amount of regular interest thereon credited to any member's account in the annuity savings fund of any system." "Regular deductions" and "additional deductions" are amounts withheld from the regular compensation of any member, or deposited or credited to his account, as provided for in, respectively, pars. (b) to (e), inclusive, of subdivision (1) of G. L. c. 32, § 22, and par. (g) of that subdivision. Those amounts are cash amounts. Therefore, when they are added together and the interest on them is also added, the resulting amount, "the amount of the accumulated total deductions," is also a cash amount. That book value may be the usual way to value a system's investments, as argued by the defendant, is irrelevant to the question in what form a member's deductions, with interest thereon, are to be transferred. Other sections of G. L. c. 32 support this view. General Laws c. 32, § 11 ("Return of Accumulated Total Deductions and Amounts Due Beneficiaries of Deceased Members"), provides for the return of contributions in certain circumstances to members or their beneficiaries. This section provides that, when due, a member's accumulated total deductions shall be "paid in one sum." G. L. c. 32, § 11 (1) (a) & (2) (a). Such language clearly indicates that "the amount of the accumulated total deductions" is a cash amount. The defendant concedes that, when individual employees are transferred from one retirement system to another, or leave the system, their accumulated total deductions are transferred or paid in cash. There is no reason to interpret § 3 (8) (a) differently where a transfer of a large number of employees is involved.

The defendant argues that transfer of the accumulated total deductions in cash or securities at market value would be a breach of its fiduciary duty to the remaining members of the State-Boston system. The argument is frivolous. Compliance with the law, pursuant to a court order, does not constitute a breach of fiduciary duty. The defendant also argues that the transfer of cash or securities at market

value violates the contract clause of the United States Constitution, art. 1, § 10, because it depletes the assets remaining to nontransferred members in the fund established for the accumulation of members' deductions (the annuity savings fund). Members, however, have no contractual right under c. 32 to particular assets in the annuity savings fund. Under c. 32, § 25 (5), the *pension* rights and benefits of §§ 1-28 are contractual ones of which members may not be deprived. See *Opinion of the Justices, supra* at 856-861. Moreover, a member of the Boston retirement board testified before the judge in the Superior Court that he could not demonstrate that any person's pension would be in danger as a result of a cash transfer.

The defendant's remaining argument is that the interests of the transferred employees and of the other members of the two retirement systems concerned would be protected by a transfer of securities at book value. Such arguments would be addressed better to the Legislature. Our duty is to give effect to the clear meaning of the statute.

*Judgment affirmed.*