RICHARD MADDEN *vs.* SECRETARY OF PUBLIC SAFETY & another.[1] May 11, 1992. *Public Employment*, Suspension.

The plaintiff, a former Capitol police officer, was suspended without pay from the Capitol police on December 9, 1985. His suspension resulted from his indictment by a grand jury in Middlesex County for larceny, conspiracy, and receiving stolen goods. The suspension was based on G. L. c. 30, § 59 (1990 ed.), which, in pertinent part, provides that "[a]n . . . employee of the Commonwealth . . . under indictment . . . [may] be suspended . . . [and] shall not receive any compensation . . . during the period

---

[1]Chief of Capitol Police.

of such suspension . . . [and that i]f the criminal proceedings . . . are terminated without a finding or verdict of guilty on any of the charges on which he was indicted, his suspension shall forthwith be removed, and he shall receive all compensation . . . due him for the period of the suspension . . . ."

On June 2, 1986, the charges against the plaintiff were dropped on the entry of a nolle prosequi of the indictments. Ten days later, the plaintiff demanded that he receive back pay for the period of the suspension; this request was denied. On July 29, 1986, a Federal grand jury indicted the plaintiff on charges of conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and conspiracy to commit mail fraud. The indictment alleged that these offenses were committed while the plaintiff served as a Capitol police officer. Two days later, the Capitol police department notified the plaintiff that his suspension would remain in effect. In January, 1987, the plaintiff pleaded guilty to a felony charge of conspiracy to commit mail fraud.

The plaintiff brought this declaratory judgment action seeking back pay for the period of his original suspension based on the Commonwealth's indictments.[2] The plaintiff claimed that he was entitled to back pay because his case "terminated without a finding or verdict of guilty on any of the charges on which he was indicted." G. L. c. 30, § 59 (1990 ed.). A judge of the Superior Court agreed and entered a declaration that the plaintiff had "a right, under the provisions of G. L. c. 30, § 59, to receive all compensation or salary due him for the period December 9, 1985, through July 29, 1986." The defendants appealed. We transferred the case to this court on our own motion. We affirm.

The language of G. L. c. 30, § 59, is unambiguous. The statute provides for payment of back compensation and benefits if none of the "charges on which [the employee] was indicted" results in a finding or verdict of guilty. G. L. c. 30, § 59. The phrase "charges on which he was indicted" clearly refers to the charges found in the indictments that gave rise to the suspension. In the present case, the charges that gave rise to the suspension in question were those brought by the Commonwealth. As these charges did not result in a finding or verdict of guilty, the plaintiff is entitled to back pay for the period of the suspension.

The Commonwealth argues that allowing the plaintiff to collect back pay for the period of the original suspension frustrates the purpose of the statute and rewards the plaintiff for successfully concealing his illegal activity. Although the Commonwealth's arguments are persuasive as social policy, these arguments are properly addressed to the Legislature. Where, as here, "the language of a statute is plain and unambiguous[,] it is con-

---

[2]The plaintiff does not seek any compensation for the period of his second suspension, beginning July 31, 1986, resulting from the Federal indictments.

clusive as to legislative intent." *Sterilite Corp.* v. *Continental Casualty Co.*, 397 Mass. 837, 838 (1986), and cases cited. The plaintiff's claim for payment fits squarely within the language of G. L. c. 30, § 59.

*Judgment affirmed.*

*Judith Fabricant*, Assistant Attorney General (*Stanley E. Adelman* with her) for the defendants.

*John P. Donovan* for the plaintiffs.