**AT & T CAPITAL LEASING SERVICES, INC., etc., Plaintiff,**

v.

**Steven P. BRASCH, M.D., P.C., et al., Defendants.**

**No. 94 C 7036.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 23, 1996.

James E. Coston, Patricia E. Rademacher, The Coston Law Group, Chicago, IL, for Plaintiff.

Werner A. Sabo, James D. Weier, Jr., James Christopher Adamson, Sabo & Zahn, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

On January 5, 1996 this Court granted the motion by AT & T Capital Leasing Services, Inc. ("AT & T Capital") for summary judgment to be entered against corporate defendant Steven P. Brasch, M.D., P.C. and individual defendant Steven P. Brasch, M.D. (collectively "Brasch," treated for convenience as a singular noun), jointly and severally, in the sum of $70,414.60 together with attorneys' fees, interest and costs. This Court simultaneously set a schedule (1) for a submission by AT & T Capital proposing to quantify those other items over and above the judgment principal and (2) for a later submission by Brasch identifying any disputed aspects of AT & T Capital's proposal. Both of those submissions have been timely tendered, and this Court is now in a position to rule.

■ Although the largest item included in AT & T Capital's submission is its attorneys' fee component, this opinion will first address the disputed item of "late charges" that AT & T Capital now says should have been requested in its motion for summary judgment, instead of "interest" as that motion had asked. Brasch's counsel urges that such "late charges," although they are expressly provided for in the equipment lease ("Lease") at issue,[1] constitutes an unenforceable penalty. Brasch points out that AT & T Capital's calculation actually describes that amount as "the 10% late penalty." But quite apart from the obvious fact that the potentially self-inflicted wound created by that characterization is not controlling,[2] this Court has had prior occasion to deal with the issue and to uphold under Illinois law the position that Brasch advances (see, e.g., *Garcia v. Canan*, 851 F.Supp. 327, 328–29

---

1. In part Lease ¶ 3 provides:

   If any part of a payment is more than five days late, Lessee [the corporate Brasch defendant] shall pay a late charge of 10% of the payment, all or a portion of which is late (or such lesser rate as is the maximum rate allowable under applicable law).

2. Because this kind of problem (the potential tyranny of labels) comes up so often in litigation, this Court has frequently had occasion to refer to the anecdote traditionally attributed to Abraham Lincoln:

   If you call a tail a leg, how many legs has a dog? Five? No, calling a tail a leg don't *make* it a leg.

   That notion applies with equal force whether it is used to prevent a party from putting a more favorable face on matters than is really appropriate or whether it is used, as here, to put matters in a less favorable light than might otherwise be the case.

(N.D.Ill.1994)). Even though the documents between the parties (as hereafter discussed) call for application of the substantive law of Massachusetts, federal jurisdiction over this case is based upon diversity of citizenship—and the substantive law of Illinois prohibiting the recovery of penalties (made applicable in this District Court under the *Erie v. Tompkins* principle that looks to Illinois' choice-of-law rules) imposes that prohibition as a matter of public policy, which overrides any possible entitlement to such penalties derived from any other source. Accordingly Brasch's objection to that component of AT & T Capital's submission is sustained.

■ But that of course does not entitle Brasch to the cost-free use of AT & T Capital's money. Although to be sure the Lease does not contain a provision for prejudgment interest, the substantive law of Massachusetts (which is made applicable here by Lease ¶ 17 and also by the individual defendant's attached Guaranty) does so: It squarely entitles AT & T Capital to interest of 12% per annum from the date of each breach by Brasch, irrespective of the nonexistence of any contractual provision to that effect—see Mass.Gen.L.Ann. ch. 231, § 6C (West 1995) and *Sterilite Corp. v. Continental Casualty Co.*, 397 Mass. 837, 494 N.E.2d 1008, 1009–11 (1986).

In this instance the application of that statutory provision for prejudgment interest, when calculated on each past-due installment, computes to an aggregate sum of $4,620.91. It would however seem highly anomalous if AT & T Capital were thus to reap a *benefit* from the unenforceability, on penalty grounds, of the lesser recovery of $3,422.90 to which it would be contractually entitled as "late charges." For that reason this Court will limit AT & T Capital's recovery of prejudgment interest to the sum of $3,422.90.

■ Before this opinion next turns to the attorneys' fee component of AT & T Capital's request, a potential diversion that has been raised by Brasch's response should also be disposed of. In part Brasch seeks to question AT & T Capital's request because it does not mesh with the prayer for relief in the Amended Complaint. That of course is real-ly irrelevant. Because this is not a situation involving a judgment by default, the familiar principle embodied in Fed.R.Civ.P. 54(c) eliminates any such contention:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Accordingly it is now in order to examine the principal part of AT & T Capital's submission to see whether it conforms to the right that has been conferred by Lease ¶ 18 to obtain payment of "Lessor's reasonable attorney fees" from both Brasch defendants "as damages and not costs." Some but not all of the objections interposed by Brasch are well-taken:

1. On November 30, 1994 (just a week after this action was filed) this Court issued a sua sponte opinion calling the attention of AT & T Capital to some deficiencies in that pleading, ordering the preparation and filing of an Amended Complaint and concluding:

> And to the extent that AT & T Capital seeks to collect its actual attorneys' fees incurred under its contractual right to recover reasonable fees, no charge is of course to be made for more than one effort by its lawyers toward drafting the complaint here.

AT & T Capital's submission has not honored that clear directive, so that Brasch's objection to $453 of charges in early December 1994 is sustained.

2. Brasch also properly objects to time spent in AT & T Capital's preparation of interrogatories that were never used and to time spent in relation to subpoenas directed to Brasch's vendor of the equipment (also unused). Accordingly the entries in those respects on February 13, February 20 and March 20, 1995, aggregating $403, are not collectible from Brasch.

3. Because AT & T Capital and Brasch are embroiled in state court litigation on another equipment lease dispute (the "Metrolease controversy"), and because the parties had been seeking to settle all their disputes as a package, Brasch rightly contends that only one-half of the time spent by AT & T Capital's counsel in that re-

spect should be chargeable here. That covers several entries of December 5 through 15, 1995 in the aggregate amount of $3,582, thus requiring a reduction of $1,791 in AT & T Capital's recovery. In addition, counsel's entries of December 12, 13 and 18 in the aggregate amount of $440 are eliminated entirely as being solely ascribable to the Metrolease controversy.

Those items call for a total reduction of $3,037 in AT & T Capital's fee request. This Court has given careful scrutiny to Brasch's other objections, including some nitpicks as to AT & T Capital's modest request of $201.94 in filing fees and other out-of-pocket costs, and it sustains none of them.

Accordingly judgment is ordered to be entered in favor of AT & T Capital Leasing Services, Inc. and jointly and severally against both defendants (Steven P. Brasch, M.D., P.C. and Steven P. Brasch, M.D., individually) in the sum of $13,828.50 in attorneys' fees (which this Court finds to be reasonable) plus $3,422.90 in prejudgment interest and $201.94 in costs, or an aggregate of $17,453.34. This amount is in addition to the earlier-adjudicated principal balance of $70,414.60, so that the total judgment amounts to $87,867.94. Because the calculation of prejudgment interest has been made as of January 21, 1996, post-judgment interest at the statutory rate runs from today's date.