Francis P. **MITRANO**, Plaintiff, Appellant,

v.

**TOTAL PHARMACEUTICAL CARE, INC. and Abbey Healthcare Group, Inc.,** Defendants, Appellees.

No. 95–1827.

United States Court of Appeals, First Circuit.

Heard Dec. 6, 1995.

Decided Feb. 9, 1996.

John Traficonte, Boston, MA, for appellant.

Joseph L. Stanganelli, with whom David H. Erichsen, Hale and Dorr, Boston, MA, were on brief, for appellees.

Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

PER CURIAM.

Appellant Francis P. Mitrano brought this diversity action against his former employer, appellee Total Pharmaceutical Care, Inc. ("TPC"), seeking indemnification for litigation expenses as provided in TPC's corporate bylaws. Mitrano also sued appellee Abbey Healthcare Group, Inc. ("Abbey"), which had acquired TPC in 1993 and affirmed at that time its obligation to honor TPC's indemnification bylaw. In October 1994, shareholders of Abbey filed a securities fraud class action in California against Abbey and various individuals, including appellant Mitrano, a former officer of appellee TPC. Mitrano brought the instant lawsuit to recover attorney fees and expenses incurred in defending the securities class action, as well as the fees and expenses incurred in this suit to establish his right to indemnification.

The corporate bylaws of TPC, a California corporation, provide that TPC "shall indemnify its Officers and Directors to the fullest extent permitted by law" and that TPC "is required to advance expenses to its Officers and Directors as incurred, including expenses relating to obtaining a determination that such Officers and Directors are entitled to indemnification." It is undisputed that Mitrano is entitled to indemnification only for litigation expenses that are "reasonably incurred."

To defend the securities class action, Mitrano and four other individual defendants jointly retained a California law firm. Mitrano, who worked for TPC in Massachusetts and still resides there, also retained a Boston lawyer, Curtis C. Pfunder, as personal counsel. In late October 1994, Mitrano made a written demand to Abbey/TPC for advancement and indemnification of his litigation expenses. On November 21, 1994, Abbey/TPC responded, offering advancement and indemnification, but only if Mitrano agreed to, *inter alia*, (1) forego any unrelated claims against Abbey/TPC, (2) refrain from assisting others in any action against Abbey/TPC, and (3) mortgage his home as security for fee advances. Mitrano found these conditions unacceptable and, on November 30, 1994, had attorney Pfunder file this lawsuit.

After Mitrano filed suit, Abbey/TPC took the position that his retention of Pfunder as individual counsel was unreasonable and informed Mitrano that Abbey/TPC would not indemnify him for the Pfunder representation. At the same time, Abbey/TPC also softened its conditions for indemnification of the fees for the California firm, and eventually it paid those fees, which are not in dispute here. Several months later, Abbey/TPC made an offer to settle the dispute over Pfunder's fees, but the offer fell far short of the fees Mitrano had already incurred. In February 1995, by agreement Mitrano was dismissed from the underlying securities class action.

In March 1995, after the district judge's efforts to encourage settlement failed, the parties filed cross motions for summary judgment. The only issue on summary judgment was the reasonableness of the fees that Mitrano had incurred with Pfunder, which at that point amounted to about $54,000. The district judge found that it was reasonable for Mitrano to retain Pfunder as individual counsel in the securities class action, and that Pfunder's $195 hourly rate and the hours expended in that action were also reasonable. Accordingly, the district judge granted partial summary judgment for Mitrano in the amount of $22,170, which the parties agreed was the amount allocable to the securities

class action. Neither party challenges those rulings.

The district judge, however, found that Mitrano was unreasonable in prematurely filing the instant lawsuit, in failing to negotiate with Abbey/TPC over the conditions it sought to impose, and in not accepting the settlement offer. The judge, therefore, granted partial summary judgment for Abbey/TPC, ruling that all the fees and expenses incurred in this lawsuit were not recoverable because it was unreasonable to have filed suit in the first place. Accordingly, it found Abbey/TPC not liable on the portion of Mitrano's claim arising from this indemnification action.

The district judge also ruled that Mitrano was not entitled to prejudgment interest under Massachusetts law on the $22,170 award because he had not actually paid those fees to Pfunder.

Mitrano appealed, asserting that the district court erred in (1) denying his claim for fees and expenses incurred in this action to enforce his right to indemnification, (2) denying *sub silentio* his claim for fees and expenses in this appeal, and (3) denying prejudgment interest.

■ We review a grant of summary judgment *de novo* and are guided by the same criteria as the district court; a grant of summary judgment cannot stand on appeal "unless the record discloses no trialworthy issue of material fact and the moving party is entitled to judgment as a matter of law." *Alexis v. McDonald's Restaurants of Mass., Inc.,* 67 F.3d 341, 346 (1st Cir.1995).

■ We are convinced that the district judge erred in granting summary judgment for Abbey/TPC on Mitrano's claim for fees and expenses incurred in this action. First, Abbey/TPC does not challenge the district judge's ruling that it was obligated to indemnify Mitrano for Pfunder's fees in the securities class action, contrary to its unyielding position in refusing Mitrano's demand. Second, TPC's bylaw requires advancement and indemnification of "expenses relating to obtaining a determination that [an officer is]

entitled to indemnification," and that requirement clearly applies to this action. Third, for several reasons, Mitrano was not unreasonable in bringing this suit against Abbey/TPC to enforce his indemnification rights.

Abbey/TPC attempted to strong-arm Mitrano into accepting onerous conditions, not requiring the relevant bylaw, in order to obtain his clear right to indemnification. Mitrano was aware that Abbey/TPC had refused to indemnify another former officer, who eventually won a judgment against Abbey/TPC for indemnification. And, Abbey/TPC's intransigence was confirmed when, only two weeks after the suit was filed, Abbey/TPC announced that it would not indemnify Mitrano for his expenses for individual counsel, expenses which the district judge ultimately found to be reasonable. Based on the summary judgment record, we hold not only that the district judge erred in granting partial summary judgment for Abbey/TPC, but also that Mitrano acted reasonably, as a matter of law, in prosecuting this lawsuit to enforce his right to indemnification. Consequently, we further hold that Abbey/TPC is liable to Mitrano for the reasonable fees and expenses incurred in bringing this suit to a conclusion, including the fees and expenses for this appeal and for proceedings on remand. *See Fed–Mart Corp. v. Price,* 111 Cal.App. 3d 215, 168 Cal.Rptr. 525, 533 (1980) (indemnification authorized by California corporation statute covers fees for appeal as well as trial).[1]

Because the district court found Pfunder's $195 hourly rate to be reasonable, on remand the only issue as to fees and expenses will be the time reasonably expended by Pfunder and the expenses reasonably incurred in pursuing this action to its conclusion (including this appeal and the proceedings on remand). *See Flanders & Medeiros, Inc. v. Bogosian,* 65 F.3d 198, 204 (1st Cir.1995) (leaving intact part of summary judgment ruling while reversing and remanding other part).

The district judge also erred in denying Mitrano's claim for prejudgment interest,

---

1. The parties agree that California law governs the scope of TPC's indemnification obligation
under its bylaws because TPC is a California corporation.

which Mitrano expressly sought in his complaint and in his motion for summary judgment. The judge stated in a notation order: "Since plaintiff has not *paid* the legal fees in issue he is not entitled to prejudgment interest." The legal premise is correct under Massachusetts law, but the factual predicate—Mitrano's non-payment—cannot be resolved on this summary judgment record. We explain.

▮ As an initial matter, we agree with the choice-of-law analysis in Mitrano's brief: Massachusetts has the highest relative interest in the issue of prejudgment interest. *See Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1514–15 (1st Cir. 1989). Abbey/TPC does not argue to the contrary.

▮ The substantive question of Massachusetts law is controlled by *Sterilite Corp. v. Continental Cas. Co.*, 397 Mass. 837, 494 N.E.2d 1008 (1986).[2] In *Sterilite,* the Supreme Judicial Court of Massachusetts held that prejudgment interest on an award of attorney fees ran from the date that the plaintiff paid the fees, not from the date on which the insurer breached its duty to defend the insured. *Id.,* 494 N.E.2d at 1011. The Court explained:

> The dates of the payment of the various bills, which are readily discernible, determine the points at which Sterilite was obliged to commit sums which it rightfully should not have been obliged to commit. Before those bills were paid, Sterilite was not deprived of the use of those sums. Any other rule would result in a windfall for Sterilite, which the Legislature did not intend.

*Id.* That explanation applies squarely to this case.

The district judge was incorrect, however, in finding on the summary judgment record that the bills were not paid. It is true that the record does not indicate the dates on which Mitrano paid Pfunder's bills. But Mitrano's affidavit states that he was "forced to

litigate and *pay* my counsel" (emphasis added); while that statement is somewhat ambiguous, it is uncontroverted. Nothing in the record indicates that Mitrano did not pay Pfunder. Abbey/TPC has not argued that Mitrano did *not* pay; instead it argues that Mitrano failed to establish that he *did* pay Pfunder. But that is a burden that Mitrano does not bear in opposing summary judgment. Therefore, on remand, the district court should determine whether and when Mitrano actually paid the reasonably incurred litigation expenses, both for the underlying securities class action as well as this action to enforce his indemnification right. Prejudgment interest should be awarded to Mitrano, accruing from those dates of payment in accordance with Massachusetts General Laws c. 231 § 6C.

Accordingly, we *reverse* the partial grant of summary judgment for appellees Abbey and TPC on the issue of fees and expenses in this action, and we *reverse* the notation order denying Mitrano's claim for prejudgment interest. We *remand* for further proceedings consistent with this opinion. Because the costs of this appeal will be part of Mitrano's indemnification award, no costs are awarded under Fed.R.App.P. 39.

---

2. We note with displeasure that Mitrano cited this case in his brief without indicating that its holding was directly contrary to his assertion that interest should run from the date on which

Abbey/TPC breached its obligation to indemnify, as opposed to the dates on which he paid Pfunder's bills.