VOLTERRA, J.

INTRODUCTION

Plaintiff Interstate Coffee Services Co., Inc. (“Interstate”) brought this action against Premier Coffee Co., Inc. (“Premier”) and others, alleging breach of employment agreements and breach of the duty of loyalty. The parties entered into a settlement agreement in April 1994. The defendants subsequently breached the agreement and following a jury waived trial, this Court (Carey, J.) awarded damages and civil fines for contempt. This matter is before the Court on Interstate’s motion for final judgment. Interstate argues that it is entitled to final judgment in the amount of $987,000.00; prejudgment interest on the entire amount of the award; and attorneys fees and costs in the amount of $85,041.81, representing $51,251.81 awarded by the Court before April 27, 1995, and $33,790.00 allegedly earned for all work done after April 27, 1995. The defendant argues that Interstate is not entitled to prejudgment interest for the entire award, and that Interstate is not entitled to attorneys fees it alleges came due after April 27, 1995. For the reasons set forth below, Interstate’s motion for final judgment is ALLOWED. In addition, the plaintiff is entitled to prejudgment interest on the compensatory and liquidated damages portion of the award. The plaintiff is also entitled to attorneys fees and costs consistent with this opinion.

BACKGROUND

The long, complicated history of this case begins in 1991, when Interstate initially brought suit against the defendants for breach of employment agreements and breach of their duty of loyalty. The parties, at the behest of the Court, consented to mediation and entered into a settlement agreement on April 7, 1994. The parties, pursuant to the settlement, agreed to an immediate payment of $ 150,000.00 by the defendants to the plaintiff, and then a deferred lump-sum payment of $350,000.00 on or before April 1, 2001. The defendants also agreed to certain business concessions, a noncompetition agreement, and liquidated damages. The entire settlement document was entered as a judgment and court order.
The defendants, however, violated the terms of the settlement agreement. As a result, the plaintiffs filed a complaint for contempt in this Court on October 6, 1994. Following a three-day trial, the Court (Carey, J.) found “overwhelming evidence that each defendant willfully, intentionally and deliberately violated a clear and unequivocal order of [the] court, namely the judgment of April 7, 1994.” See Interstate Coffee Services Co., Inc. v. Premier Coffee Company, Inc., Civil No. 91-00818 (Bristol Super. Ct., February 24, 1995) at 6. *467 The Court awarded the plaintiff $5,000 in compensatory damages; $35,000 in liquidated damages; and $947,000 in civil fines for a total judgment of $987,000. The aforementioned Court findings contained a provision under which one-half of the civil fines would be suspended if the defendants complied with certain disclosure and security obligations. The defendants did not comply, and Judge Carey’s award stands as the judgment.
The Court (Carey, J.) also awarded the plaintiff attorneys fees in the amount of $47,276.81 on April 12, 1995, and $3,975.00 on April 27, 1995.
The plaintiff now moves for final judgment on the contempt action. The plaintiff argues that it is entitled to statutory prejudgment interest on the amount of $987,000.00. The plaintiff contends that this interest began to run on April 8, 1994, namely the date the defendants first breached the settlement agreement. The plaintiff also requests an award of updated counsel fees and costs in the amount of $33,790.00 for all work done after April 27, 1995, and filed copies of fee statements together with an affidavit. The defendants object to the award of prejudgment interest, arguing that the statute that provides the basis for the imposition of interest is inapplicable to this case. The defendants also object to the date from which prejudgment interest must be calculated. The defendant argues that if prejudgment interest attaches, it must attach at the date the plaintiff commenced the contempt action, namely October 6, 1994. Finally, the defendants object to the entry of a final judgment containing attorneys fees for services performed after April 27, 1995, and request the right to depose plaintiffs counsel regarding this issue.

DISCUSSION

The plaintiff is entitled to prejudgment interest on the compensatory and liquidated damages portion of the judgment from the date of breach, namely April 8, 1994. It is not entitled to prejudgment interest for the civil fines imposed in the judgment. In addition, the plaintiff is entitled to attorneys fees and costs in the amount of $51,251.81 for work completed on or before April 27, 1994, and $30,411.00 for work completed after April 27, 1994.
The applicable statute in the instant case is M.G.L.c. 231, §6C.[2] The section, which concerns interest added to damages in contract actions, pertains to the instant case because the settlement agreement was a negotiated instrument between the two parties. See Peters v. Wallach, 366 Mass. 622, 628 (1975) (agreement to settle preexisting claims is enforceable in contract). As such, Section 6C is designed to compensate a damaged party for the loss of use or unlawful detention of money. See Sterilite Corp. v. Continental Casualty Co., 397 Mass. 837, 841 (1986). An award of interest is made so that a person wrongfully deprived of the use of money should be made whole for his loss. Id. In passing Chapter 231, the Legislature intended to abrogate the common law rule which distinguished liquidated and unliquidated damages. See Id. at 840. Thus, when interpreting the statute, a Court must recognize the elimination of the distinction between liquidated and unliquidated damages but preserve the principle of restoring to the party only that which he has lost. See Id. at 841.
According to §6C, interest is added by the clerk of the court from the date of the breach. If the date of the breach is not established, interest is added from the date of the commencement of the action. Although the Court (Carey, J.) did not specifically make a finding of a date of breach in its February 1995 opinion, the Court, in its rulings of law, established that the defendants were in breach as of April 7, 1994. Notably, the Court held that the defendants violated certain disclosure obligations in the settlement agreement, and fixed April 7, 1994 as the date of breach. See Interstate Gourmet Coffee, Civ. No. 91 -00818, at 23. The Court also held that the defendants were in breach on April 22, 1994 for failing to remove certain equipment. See Id. at 22. Where the date of breach of a contract is established, interest on damages is computed from that date. See Ward v. American Mutual Liability Insurance Co., 15 Mass.App.Ct. 98, 101 (1983). Thus, in the instant case, it is apparent that Judge Carey believed the defendants had breached the settlement agreement immediately after signing it. Accordingly, this Court rules that the defendants breached the settlement agreement on April 7, 1994, and interest on damages shall run from that date.
As noted above, an award of interest is made so that a person wrongfully deprived of the use of his money should be made whole for his loss. See Sterilite, 397 Mass. at 841. No interest is due on sums when the plaintiff was not deprived of the use of those sums. See Id. at 842. With this model in mind, the plaintiff is entitled to interest on the $5,000.00 judgment for compensatory damages. This money was awarded to compensate the plaintiff for the defendants’ shipments to certain clients in prohibition of the settlement agreement. The plaintiff is also entitled to interest on the $35,000.00 awarded as liquidated damages. A portion of this money ($15,000.00) was awarded as damages for the defendants’ continuing to conduct business with certain clients in prohibition of the settlement agreement. The rest of the liquidated damages ($20,000.00) were awarded to the plaintiff as damages for the defendants’ solicitation and conversion of certain Interstate accounts. Because the defendants both conducted business with clients and converted Interstate accounts in violation of the settlement agreement, it is clear that the plaintiffs were wrongfully deprived of the use of money. Thus, the $40,000.00 awarded in compensatory and liquidated damages was designed to compensate the plaintiff for the loss of use or unlawful detention of money. As *468 such, the plaintiff is entitled to interest on the sum of $40,000.00.
The plaintiff, however, is not entitled to interest on the $947,000 awarded as civil fines. The fines were punitive in nature, assessed against the defendants for failure to turn over certain records and other information. With respect to the $947,000, the plaintiff was not deprived of the use of this money. The Court awarded this money to punish the defendants for their contemptuous behavior, and did not intend to compensate the plaintiff. To rule otherwise would result in a windfall for the plaintiff, which was not intended by the Legislature. See Sterilite, 397 Mass. at 842.

ORDER

It is therefore ORDERED that the plaintiffs Motion for Final Judgment is ALLOWED. It is ORDERED that judgment shall enter for the plaintiff in the amount of one million sixty-eight thousand six hundred twenty-two dollars and eighty-one cents ($1,068,622.81), representing: (1) nine hundred forty seven thousand dollars ($947,000.00) in civil fines, to which no prejudgment interest shall attach; (2) forty thousand dollars ($40,000.00) in compensatory and liquidated damages, to which the clerk of the court shall add prejudgment interest calculated from the date of defendant’s breach of the settlement agreement, namely April 7, 1994; (3) eighty-one thousand six hundred twenty-two dollars and eighty-one cents ($81,622.81), representing fifty-one thousand two hundred fifty-one dollars and eighty-one cents ($51,251.81) in attorneys fees and costs ordered by the Court for work completed on or before April 27, 1995, and thirty thousand four hundred eleven dollars ($30,411.00) for work completed after April 27, 1995.

 M.G.L.c. 231, §6C provides in relevant part: “In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, If established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action . . .”