NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12355

TARA DORRIAN[1]  vs.  LVNV FUNDING, LLC
(and a consolidated case[2]).


Suffolk.     January 5, 2018. - April 9, 2018.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher, &
Kafker, JJ.


Debt.  Collection Agency.  Consumer Protection Act, Collection
    of debt.  Words, "Debt collector."



Civil actions commenced in the Superior Court Department on
August 22 and December 30, 2014.

After consolidation, the case was heard by Janet L.
Sanders, J., on motions for class certification and for summary
judgment.

The Supreme Judicial Court granted an application for
direct appellate review.


David Schultz (Andrew M. Schneiderman also present) for
LVNV Funding, LLC.
    Kenneth D. Quat (Josef C. Culik also present) for Tara
Dorrian & another.

_____

    [1] Individually and on behalf of all others similarly
situated.

    [2] Virginia Newton vs. LVNV Funding, LLC.

The following submitted briefs for amici curiae:

Nadine Cohen & Philip Weinberg for Greater Boston Legal Services & others.

Merrily S. Gerrish, Special Assistant Attorney General, & Heather L. Bennett for division of banks of the Office of Consumer Affairs and Business Regulation.

Donald S. Maurice, Jr., & Brady J. Hermann for Receivables Management Association International, Inc.

Daniel S. Blynn, Meredith L. Boylan, & Benjamin E. Horowitz, of the District of Columbia, David L. Feinberg, Joseph L. Demeo, & Lawrence S. Delaney for Cavalry SPV I, LLC.


KAFKER, J.  The primary issue presented is the definition of "debt collector" under G. L. c. 93, § 24, particularly its application to the statute's licensing requirement.  After being sued for the failure to pay debts, the plaintiffs, Tara Dorrian and Virginia Newton, each individually filed suit against the defendant, LVNV Funding, LLC (LVNV), claiming unlicensed debt collection.  The plaintiffs also alleged violations of G. L. c. 93A, asserted claims of unjust enrichment,[3] and sought to proceed against LVNV in a class action suit.  A judge in the Superior Court consolidated the cases and certified them as a class action.  On cross motions for summary judgment, the judge concluded that LVNV violated G. L. c. 93, § 24A, because it operated as a debt collector without a license and granted summary judgment to the plaintiffs.  On the claim that LVNV violated G. L. c. 93A, the judge granted summary judgment to

---

[3] The plaintiffs subsequently voluntarily dismissed the unjust enrichment claims.

LVNV because it met the exemption from liability in G. L. c. 93A, § 3, as the division of banks of the Office of Consumer Affairs and Business Regulation (division) had permitted LVNV to operate without a license.

On appeal, LVNV argues that (1) the judge erred in certifying the class because neither plaintiff is a proper class representative; (2) the judge's remedy was improper, and at most the judgments should merely be voidable; and (3) the judge should have deferred to the division's interpretation of the statute concluding that LVNV did not require a license.

We conclude that LVNV is not a debt collector under G. L. c. 93, § 24.[4]  The statute contains two separate definitions of "debt collector," neither of which applies to LVNV, a "passive debt buyer," which is a company that buys debt for investment purposes and then hires licensed debt collectors or attorneys to collect the debt on its behalf.  The first definition covers entities of which the "principal purpose" is the "collection of a debt."  We conclude that this definition does not apply to LVNV because LVNV has no contact with consumers and the Legislature did not intend for these entities to be treated as debt collectors under G. L. c. 93, § 24.  The second definition

---

[4] Our conclusion that LVNV Funding, LLC (LVNV), is not a debt collector for the purposes of G. L. c. 93, § 24, resolves this matter.  Consequently, we need not address the other issues raised on appeal.

covers entities that "regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due" to another. This definition does not apply because LVNV deals only with its own debts, not the debts of another. Because LVNV does not meet either definition, it is not a debt collector under G. L. c. 93, § 24. We therefore vacate the judgment and remand the matter to the Superior Court for further proceedings consistent with this opinion.[5]

1. Background. a. Overview of G. L. c. 93, §§ 24-28. In 2003, the Legislature amended G. L. c. 93, §§ 24-28. See St. 2003, c. 130. These provisions, modeled after the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA), are often referred to as the Massachusetts Fair Debt Collection Practices Act (MDCPA).[6] Congress passed the FDCPA to combat abusive debt collection practices. 15 U.S.C. § 1692. Although legislative history of the MDCPA is scant, it appears to share the same purpose as the FDCPA.

---

[5] We acknowledge the amicus briefs submitted by Cavalry SPV I, LLC; Greater Boston Legal Services, Rosie's Place, and Legal Services Center of Harvard Law School; Receivables Management Association International, Inc.; and the division of banks of the Office of Consumer Affairs and Business Regulation.

[6] This opinion refers to the provisions in G. L. c. 93, §§ 24-28, as the Massachusetts Fair Debt Collection Practices Act (MDCPA). We note that the bill that included these provisions did not contain this official title and that other names have been used, such as the "Debt Collection Law" and "DCL".

The MDCPA also largely follows the FDCPA's language.  The term relevant to this case, "debt collector," is defined substantively the same under both laws.  Compare 15 U.S.C. § 1692a(6), with G. L. c. 93, § 24.  Under the MDCPA, an entity is a debt collector if (1) it is engaged in a "business the principal purpose of which is the collection of debt," or (2) it "regularly collects or attempts to collect, directly or indirectly, a debt owed or due . . . another."  G. L. c. 93, § 24.

b.  Division of banks.  The division is a State agency responsible for financial regulation, including the regulation of debt collection.  See G. L. c. 93, § 24A (d).  Through its regulations, the division defines unlawful debt collection activities.  209 Code Mass. Regs. §§ 18.13-18.21 (2013).  As part of its regulatory oversight responsibilities, it issues licenses to debt collectors and advisory opinions on which entities meet the two-part statutory definition of "debt collector."  See G. L. c. 30A, § 8.  An entity that meets either definition of "debt collector" must be licensed by the commissioner of banks (commissioner) through the division.  See G. L. c. 93, § 24A.  To acquire a license, the applicant must establish to the commissioner's satisfaction that its "financial responsibility, character, reputation, integrity and general fitness . . . are such as to command the confidence of the

public and to warrant the belief that the business . . . will be operated lawfully, honestly and fairly." G. L. c. 93, § 24B (a). The applications for licenses are processed and reviewed by the division and must be renewed each year. See G. L. c. 93, § 24B. There are potential civil and criminal penalties for operating as a debt collector in Massachusetts without a license. See G. L. c. 93, § 28.

Most relevant to this case, since 2006, the division has consistently concluded that a passive debt buyer is not included under the definition of "debt collector" in G. L. c. 93, § 24. The division has defined "passive debt buyer" as a debt buyer that engages only in the practice of purchasing delinquent consumer debts for investment purposes without undertaking any activities to directly collect on the debt. Advisory Opinion No. O06060 (Oct. 13, 2006).

The division's position is that a debt buyer that purchases debt in default but is not directly engaged in the collection of these purchased debts is not required to obtain a debt collector license provided that all collection activity performed on behalf of such debt buyer is done by a properly licensed debt collector in the Commonwealth or a licensed attorney collecting

a debt on behalf of a client.[7]  See Advisory Opinion No. O12012 (Nov. 1, 2012); Advisory Opinion No. O06060.  A later advisory opinion clarified that even a passive debt buyer that was the named plaintiff in lawsuits did not require a license.  Advisory Opinion No. O13020 (Mar. 4, 2014).  In 2012, LVNV contacted the division to inquire whether a license was necessary for a company that "does not have employees or interact with consumers directly" but instead "contracts with licensed third party debt collectors and law firms to service accounts on its behalf." The division, referencing its earlier advisory opinions, responded that a license was not necessary.

The division, as amicus curiae, submitted a letter in this case.  In the letter, the division describes its long-standing position that passive debt buyers do not require licensure as debt collectors because they are merely investors in consumer debts that hire another duly authorized entity to collect the debts.  This position is supported by the division's "practical perspective that many of its examination practices would be inapplicable to passive debt buyers" that do not interact directly with consumers.  Furthermore, the division stated that until very recently, if a passive debt buyer applied for a

---

[7] The attorney must be licensed to practice law in Massachusetts and is therefore covered by the rules of professional conduct.

license, the division "would not process such application" and would notify the applicant that no license was required. The division describes this practice as "essentially preventing licensure" based on its interpretation of the statute.

c. Parties. LVNV is a Delaware limited liability company that is registered to do business in Massachusetts. In its annual filings with the Secretary of the Commonwealth, LVNV describes the general character of its business as "purchaser of consumer debt and loans." Over ninety-nine per cent of LVNV's revenues come from collections on the debts that it owns. LVNV, however, has no employees and does not engage in any contact with the individuals whose debt it owns.

LVNV contracts with Resurgent Capital Services LP (Resurgent) as the collection and servicing agent on the debts owed to LVNV. Resurgent is licensed as a debt collector under the MDCPA and has been licensed since 2000. LVNV authorizes Resurgent, through a servicing agreement, to undertake all collection and servicing responsibilities with regard to the debts owned by LVNV. LVNV does not participate in any decisions regarding collection activities, including determinations of whether to initiate collection actions in court. Resurgent retains sole discretion to hire law firms for legal collection actions.

LVNV is nonetheless the named plaintiff in the lawsuits that Resurgent files to collect on the debts owned by LVNV. From 2010 to 2015, over 18,000 such lawsuits were brought against Massachusetts residents seeking judgment on debts owned by LVNV, as well as 3,500 proofs of claim in bankruptcy court and 6,175 wage garnishment actions involving accounts owned by LVNV. Furthermore, instructions sent to credit bureaus referenced LVNV in more than 600,000 distinct debt accounts involving residents of Massachusetts.

The plaintiff Virginia Newton opened a credit account in June, 2007, with Jordan's Furniture through which HSBC Bank Nevada, N.A. (HSBC), extended her a line of credit. Newton made a purchase on the account and subsequently defaulted on the debt. LVNV acquired the debt Newton owed to HSBC in 2009. In February, 2014, Resurgent filed a lawsuit on LVNV's behalf against Newton in the Framingham Division of the District Court Department and obtained a judgment against Newton. Throughout these legal proceedings, Newton only had contact with the law firm that Resurgent hired to litigate the claims and never with LVNV.

The plaintiff Tara Dorrian opened an account in December, 2007, also with Jordan's Furniture on an extension of credit from HSBC. Dorrian defaulted on the debt, which LVNV acquired from HSBC in 2010. Resurgent brought a small claims suit on

behalf of LVNV against Dorrian in the Quincy Division of the District Court Department. A judgment was eventually entered in Dorrian's favor on the collection claim. Dorrian only had contact with Resurgent and the law firm that Resurgent hired to litigate the claim and had no contact with LVNV.

Each plaintiff separately sued LVNV on behalf of themselves and all others similarly situated, seeking declaratory and injunctive relief and alleging that LVNV was operating as a debt collector without a license in violation of G. L. c. 93, § 24A. The plaintiffs also brought claims alleging unjust enrichment and violations of G. L. c. 93A. As the motion judge recognized, however,

> "[t]hese lawsuits are notable in that the only conduct alleged to be unlawful here is LVNV's failure to obtain a license from the [division]. That is, these two cases do not claim that LVNV -- or any entity acting on its behalf -- has harassed any debtor or made any misrepresentations in an attempt to collect on a debt. LVNV is not accused of seeking to collect amounts it has no basis to believe that it is owed or using information about a debtor in an improper manner. Instead, the lawsuits focus exclusively on the fact that LVNV is unlicensed."

As explained above, the judge certified a class action and granted summary judgment to the plaintiffs on their claims that LVNV violated the MDCPA by operating as a debt collector without a license. LVNV appealed, and we granted applications for direct appellate review filed by LVNV and the plaintiffs.

2. Discussion. a. Standard of review. "Our review of a motion judge's decision on summary judgment is de novo, because we examine the same record and decide the same questions of law." Kiribati Seafood Co. v. Dechert, LLP, 478 Mass. 111, 116 (2017). "In a case like this one where both parties have moved for summary judgment, the evidence is viewed in the light most favorable to the party against whom judgment [has entered]" (citation omitted). Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012).

b. Interpreting G. L. c. 93, § 24. This case presents a question of statutory interpretation, which we review de novo. Water Dep't of Fairhaven v. Department of Envt'l Protection, 455 Mass. 740, 744 (2010). "Where the words are 'plain and unambiguous' in their meaning, we view them as 'conclusive as to legislative intent.'" Id., quoting Sterilite Corp. v. Continental Cas. Co., 397 Mass. 837, 839 (1986). "Where the meaning of a statute is not plain from its language, familiar principles of statutory construction guide our interpretation. We look to the intent of the Legislature 'ascertained from all its words . . . considered in connection with the cause of [the statute's] enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.'" DiFiore v. American Airlines, Inc., 454 Mass. 486, 490 (2009), quoting

Industrial Fin. Corp. v. State Tax Comm'n, 367 Mass. 360, 364 (1975). Additionally, "[w]e give substantial deference to a reasonable interpretation of a statute by the administrative agency charged with its administration enforcement." Commerce Ins. Co. v. Commissioner of Ins., 447 Mass. 478, 481 (2006). Applying these familiar principles, we conclude, as did the division, that passive debt buyers -- that is, debt buyers engaged "only in the practice of purchasing delinquent consumer debts for investment purposes without undertaking any activities to directly collect on the debt" -- do not fall under either definition of "debt collector" in G. L. c. 93, § 24. See Advisory Opinion No. O06060.

i. Whether LVNV is a debt collector under the first definition. The first definition of "debt collector" in G. L. c. 93, § 24, encompasses entities of which the "principal purpose" is the "collection of a debt." As for this definition, the plain language is instructive but not conclusive. LVNV's business is to invest in debt, usually those in default, and profit from the eventual collection of the debt. If the debt is not collected, LVNV has no revenue. Nonetheless, the debt collection itself is entirely undertaken by third parties. Indeed, all aspects of the debt collection process are contracted out to and conducted by Resurgent, a licensed debt collector. Resurgent determines the appropriate course of

action for each account and whether to initiate legal action.[8] In sum, the principal purpose of LVNV is not perfectly clear. LVNV itself is a debt buyer, not a debt collector, but the success of its business model is dependent on debt collection by its licensed contractor.

Because the language of the statute is not "plain and unambiguous" as it applies to passive debt buyers like LVNV, we look to the legislative history to inform us on the Legislature's intent. See Water Dep't of Fairhaven, 455 Mass. at 744. There is, however, little legislative history on the development of the MDCPA, which was enacted in 2003. See St. 2003, c. 130. The Office of Consumer Affairs and Business Regulation originally proposed the bill, largely incorporating the FDCPA's language. In particular, the proposal used the FDCPA's definition of "debt collector." The Legislature enacted the bill with only several minor edits to that definition.[9]

---

[8] For example, without any input from LVNV, Resurgent Capital Services LP hired the law firm Kream and Kream, P.C., to litigate the suit against the plaintiff Tara Dorrian and the law firm Lustig, Glaser & Wilson, P.C., to litigate the suit against the plaintiff Virginia Newton.

[9] The only relevant difference between the bill as it was proposed by the Office of Consumer Affairs and Business Regulation and the bill as it was enacted was that the proposed language used the plural term "debts" as found in the definition of "debt collector" in the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(6), whereas the enacted statute was changed to use the singular term "debt." See G. L.

Beyond this, there is no information that bears on the legislative intent.  Thus, the legislative history is essentially silent on the Legislature's intent with regard to passive debt buyers like LVNV.

For further guidance we turn to the legislative history of the FDCPA, which is relevant to our consideration because the FDCPA was the model for the MDCPA.  Although not directly addressing the specific question of the status of passive debt buyers, the legislative history of the FDCPA clearly and expressly targets abusive debt collection practices, including "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process."  S. Rep. No. 95-382, 95th Cong., 1st Sess., at 2 (1977).  See <u>Henson</u> v. <u>Santander Consumer USA Inc</u>., 137 S. Ct. 1718, 1720 (2017).[10]  To clarify the definition of debt collector, the legislative history also describes certain entities that are not intended to

c. 93, § 24.  Additionally, the MDCPA has been amended several times since 2003, but none of these is relevant to the issues in this case.

[10] Our regulations reference the same or similar types of harassment and abuse.  See 209 Code Mass. Regs. § 18.15 (2013).

be included within the definition of "debt collector." See H. Rep. No. 95-131, 95 Cong., 1st Sess., at 4 (1977). These include banks, retailers, credit unions, and finance companies. Id. Despite a careful consideration of what entities would be covered by the definition and what entities would be excluded, there is no evidence that Congress ever intended to include within this definition debt buyers that own the debts but use a third party to collect the debts and therefore have no contact with the debtors. See generally S. Rep. No. 95-382; H. Rep. No. 95-131.

The Federal legislative history indicates that Congress's focus was on the regulation of improper, high pressure, deceptive debt collection practices, and did not consider passive debt buyers. As LVNV has no employees and no contact whatsoever with debtors, it seems to be outside of the core concerns of Congress and, by implication, our Legislature when it adopted this Federal model.[11]

---

[11] Several Federal courts considering the plain language of the first definition and the purposes of the FDCPA have concluded that passive debt buyers are not included within that definition. In McAdory vs. M.N.S & Assocs., LLC, U.S. Dist. Ct., No. 3:17-cv-00777-HZ (D. Ore. Nov. 3, 2017), a Federal District Court concluded that a passive debt buyer that has no contact with consumers and uses a third party to collect the debts is not a debt collector under the first definition of the FDCPA. The court reasoned that entities "who have no interactions with debtors and merely contract with third parties to collect on the debts they have purchased simply do not have

We also consider the interpretation of the division, the administrative agency tasked with enforcing the MDCPA. "[A]n administrative agency's interpretation of a statute within its charge is accorded weight and deference." Massachusetts Med. Soc'y v. Commissioner of Ins., 402 Mass. 44, 62 (1988). The court will approve an agency's statutory interpretation where it is reasonable, particularly in cases involving "interpretation of a complex statutory and regulatory framework." Attorney Gen. v. Commissioner of Ins., 450 Mass. 311, 319 (2008).

The division's long-standing interpretation of G. L. c. 93, § 24, is that the term "debt collector" does not apply to passive debt buyers like LVNV that purchase debts and use licensed third parties to collect the debts. The division adopted this interpretation because passive debt buyers are investors in consumer debts that hire another duly authorized entity (either a Massachusetts-licensed debt collector or a Massachusetts attorney) to conduct the actual debt collection.

---

the principal purpose of collecting debts." Id. See Gold v. Midland Credit Mgt., Inc., 82 F. Supp. 3d 1064, 1071 (N.D. Cal. 2015) (holding that, as matter of law, passive debt buyer, in absence of "evidence showing a purpose to collect on those debts," is not debt collector under "principal purpose" definition in FDCPA); Kasalo v. Trident Asset Mgt., LLC, 53 F. Supp. 3d 1072, 1079 (N.D. Ill. 2014) (holding that passive debt buyer not debt collector under either definition in FDCPA). These decisions further the conclusion that the intent behind the FDCPA was to prohibit the harassing and abusive behaviors that characterized the contact between debt collectors and debtors.

See Advisory Opinion No. O13020 (stating that passive debt buyers are not debt collectors under MDCPA); Advisory Opinion No. O12012 (buyer of debt in default that is not directly engaged in collection of those debts is not required to obtain license so long as collection activity is performed by licensed debt collector); Advisory Opinion No. O06060 (same).  The division has held this position since at least 2006.  See Advisory Opinion No. O06060.  As the United States Court of Appeals for the First Circuit has noted, this position is reasonable in light of the conduct and practices targeted by the MDCPA and the FDCPA.  See Pilalas v. Cadle Co., 695 F.3d 12, 16 (1st Cir. 2012) (division's interpretation of G. L. c. 93, § 24, appeared consistent with aim of statute).

We approve the division's reasonable and expert interpretation in this complex regulatory environment.  Attorney Gen., 450 Mass. at 319.  See Goldberg v. Board of Health of Granby, 444 Mass. 627, 634 (2005) (agency is often required to use its expertise to resolve issues not clearly addressed in statutes).  The division's interpretation helps resolve the ambiguity in the plain language of the statute, drawing a line between debt buyers and collectors based on whether they are involved in any collection activities with consumers.  The division's interpretation also reflects and respects the core concern of the statute, which is to prevent abusive debt

collection practices.  We therefore conclude that the first definition of "debt collector" in G. L. c. 93, § 24, does not apply to passive debt buyers like LVNV that have no contact with consumers and rely entirely on licensed third parties to collect their debts.[12]

ii.  Whether LVNV is a debt collector under the second definition.  The second definition of "debt collector" applies to any entity "who regularly collects or attempts to collect, directly or indirectly, a debt owed or due or asserted to be

---

[12] Although we conclude that passive debt buyers are not debt collectors requiring a license under the MDCPA, we note that these companies are nonetheless regulated by the Attorney General as creditors and subject to many of the same restrictions as debt collectors regulated under the MDCPA. Compare 940 Code Mass. Regs. §§ 7.04-7.06 (2012) (regulating creditor contact with consumers), and 940 Code Mass. Regs. § 7.07 (2012) (proscribing, inter alia, false or misleading representations in connection with debt collection by creditors), with 209 Code Mass. Regs. § 18.14 (2013) (regulating debt collector contact with consumers), and 209 Code Mass. Regs. §§ 18.15-18.17 (2013) (prohibiting harassment, abuse, false or misleading representations, and unfair practices).  For example, a creditor cannot threaten debtors, use "profane or obscene language" when speaking with debtors, call or visit debtors during the night, or contact debtors more than twice in a seven-day period.  940 Code Mass. Regs. § 7.04.  A creditor also cannot harass the people who reside with the debtors or who associate with the debtors.  Id. at §§ 7.05-7.06.  These regulations were amended in 2012 and explicitly target passive debt buyers.  See 1179 Mass. Reg. 18 (Apr. 1, 2011) (stating, in notice of hearing on proposed regulations, "The changes to the regulations expand the scope and modernize the current regulations to . . . ensure that both active and passive debt buyers are subject to debt collection laws . . .").  Thus, debt buyers are, at the very least, regulated as creditors because they own debts.

owed or due another." G. L. c. 93, § 24. This definition, by its plain meaning, applies only to the collection of a debt that is "owed or due or asserted to be owed or due another" (emphasis added). See id. Therefore, an entity cannot be a debt collector under the second definition if it deals with debts that it owns instead of debts owed to another. The United States Supreme Court addressed the second definition in the FDCPA in Henson, 137 S. Ct. at 1721-1722.[13] In that case, the Court considered whether a company that purchased debts and then attempted to collect on the debts was a debt collector under the second definition of "debt collector" in the FDCPA. Id. at 1721. The Court unanimously held that a company that attempts to collect debts owed to it is not covered by the second definition because the company is not collecting or attempting to collect debts owed to another. Id. at 1721-1722. We adopt this plain language interpretation under the MDCPA and conclude that LVNV, as a matter of law, is not a debt collector under the second definition of the MDCPA because it does not deal with debts that are owed to another.

3. Conclusion. For the reasons discussed, we conclude that LVNV is not a debt collector under G. L. c. 93, § 24. The

---

[13] The United States Supreme Court's decision in Henson v. Santander Consumer USA, Inc., 137 S. Ct. 1718 (2017), was released after the Superior Court judge's decision in this case.

judgment is vacated, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

So ordered.